USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1622

 ALEJANDRO G. ZUKER,

 Plaintiff, Appellant,

 v.

 PATRICIA K. ANDREWS,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Reginald C. Lindsay, U.S. District Judge]

 Before

 Stahl, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Lynch, Circuit Judge.
 
 
 
 
 Alejandro Gustavo Zuker on brief pro se.
 Anne Marie Corraro and Thomas J. Barbar on brief for appellee.

April 9, 1999

 
 

 Per Curiam. Petitioner-Appellant Alejandro Zuker
 appeals from the district court's denial of his petition for
 the return of his five-year-old child, pursuant to the Hague
 Convention on the Civil Aspects of Child Abduction ("the
 Convention"), as implemented by the International Child
 Abduction Remedies Act ("ICARA"), 42 U.S.C. 11601 et seq. 
 The petition alleged that Respondent-Appellee, Patricia K.
 Andrews, had wrongfully retained the parties' child, Sasha
 Andrew Zuker, from his "habitual residence" in Argentina.
 "[A] child's habitual residence is the place where he
 or she has been physically present for an amount of time
 sufficient for acclimatization and which has a 'degree of
 settled purpose' from the child's perspective. . . . [A]
 determination of whether any particular place satisfies this
 standard must focus on the child and consists of an analysis of
 the child's circumstances in that place and the parents'
 present, shared intentions regarding their child's presence
 there." Feder v. Evans-Feder, 63 F.3d 217, 224 (3d Cir. 1995). 
 To find "settled purpose," it is not necessary to find that
 there is an intention to stay in the place indefinitely. See
 id. at 223. The purpose "'may be for a limited period.
 Education, business or profession, employment, health, family
 or merely love of the place spring to mind as common reasons
 for a choice of regular abode . . . .'" Id. (quoting re Bates,
 No. CA 122-89, High Court of Justice, Family Div'l Ct. Royal
 Courts of Justice, United Kingdom (1989)).
 The district court made no legal error in concluding
 that at the time of the retention, in February 1997, the
 child's habitual residence was Massachusetts. On appeal,
 petitioner argues that the district court erred because the
 requisite element of "shared intent" was missing. We disagree. 
 The evidence supports a finding that by February 1997, the
 parties had a "present shared intent" that Andrews and Sasha
 would stay, at least temporarily, in Massachusetts where
 Andrews had work and Sasha was enrolled in daycare. That
 Andrews and Zuker had not reached agreement about where the
 family ultimately would settle is immaterial. See re Bates,
 supra.
 The district court judgment dated April 10, 1998,
 dismissing the Petition for Return of Child is affirmed. See
 Loc. R. 27.1. Appellee's motion to strike certain exhibits to
 Appellant's Brief is denied as moot.